# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STUDENT AID FUNDS, INC., A DELAWARE NON-PROFIT CORPORATION, | Case No. 2:11-CV-00088-KJD-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| THE DESIGN FACTORY, A NEVADA CORPORATION, | |
| Defendant. | |

Before the Court is Plaintiff United Student Aid Funds, Inc.'s Motion for Judgment on the Pleadings (#21). Defendant The Design Factory filed an Opposition to Motion for Judgment on the Pleadings and Countermotion for Judgment on the Pleadings (#22). Plaintiff filed a Reply in Support of Motion for Judgment on the Pleadings and Opposition to Defendant's Countermotion for Judgment on the Pleadings (#23). Defendant filed a Reply in Support of Countermotion for Judgment on the Pleadings (#26).

I. Background

This action arose as a result of Plaintiff's failed attempts to collect on a student loan debt through a wage withholding order. Plaintiff is a Delaware non-profit corporation and a United States Department of Education authorized federal student loan guaranty agency. It filed the complaint in

1   this Court pursuant to the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1095(a)(6).  The

2   HEA is the federal law which governs administration of federal higher education programs, including

3   the Federal Family Education Loan Program ("FFEL").  See 20 U.S .C. §§ 1001 et seq.  Under the

4   HEA, a guaranty agency may garnish the disposable pay of an individual to collect the amount owed

5   on a student loan if he or she is not currently making the required payments.  See 20 U.S.C. § 1095a.

6   Notice of the withholding order must be given to the employer before it is required to pay the

7   guaranty agency.  Id.  Following receipt of notice of the withholding order, the employer is liable for

8   any amount that it fails to withhold from wages due an employee, plus attorneys' fees, costs, and, in

9   the court's discretion, punitive damages.  Id.

10          Defendant is a Nevada corporation that employed Diane M. Kincaid ("Borrower").  Borrower

11   was employed as a payroll clerk and was responsible for handling all mail that came to Defendant's

12   mailing address.  Borrower defaulted on her FFEL student loans and Plaintiff instituted the

13   administrative process to collect on the loans.  First, Plaintiff served Borrower with a notice of intent

14   to initiate withholding proceedings, but Borrower did not assert her right to a hearing under 20

15   U.S.C. § 1095a(b).  Next, Plaintiff mailed withholding orders to Defendant on January 25, 2010, and

16   March 1, 2010, but Defendant failed to contact Plaintiff or comply with the orders.  Finally, on

17   August 10, 2010, counsel for Plaintiff mailed Defendant a demand letter via certified mail requesting

18   compliance with the withholding orders, but received no response.  Borrower later admitted that she

19   opened the withholding orders and the demand letter but did not tell her employer about them.

20          Plaintiff filed a complaint in this Court on January 18, 2011, alleging claims for relief against

21   Defendant for (1) Violation of 20 U.S.C. § 1095a; and (2) Injunctive Relief.  On January 6, 2012,

22   Plaintiff filed a motion for judgment on the pleadings.  On January 23, 2012, Defendant filed an

23   opposition to motion for judgment on the pleadings and countermotion for judgment on the

24   pleadings.

25   ///

26   ///

2

II.  Legal Standard

      A.  Motion for Judgment on the Pleadings

      Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review" applies to a motion brought under either rule.  Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011).  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  Hal Roach Studios Inc. v. Ricard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  However, the court does "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

III.  Analysis

      A.  Violation of 20 U.S.C. § 1095a

      20 U.S.C. § 1095a(a)(6) requires that notice of the withholding order must be given to an employer before it is liable for failure to withhold from an employee's wages.  The notice to the employer of the withholding order shall contain only such information as may be necessary for the employer to comply with the withholding order.  20 U.S.C. § 1095a(c).

      It is undisputed that Plaintiff mailed the withholding orders and demand letter to Defendant's physical address, and that Borrower obtained possession of the notices and intentionally concealed them from her supervisors.  The issue in dispute is whether Borrower's receipt of the notices and her "conscious decision" to ignore them must be imputed to Defendant.

      As a preliminary matter, Defendant repeatedly asserts that for purposes of this motion, it did not receive notice as a matter of law because "Plaintiff has conceded [Defendant] did not know about the Garnishment Orders until the complaint was filed."  Defendant argues that the legal standard for a Rule 12(c) motion for judgment on the pleadings requires this Court to accept that allegation as true and to rule in its favor on dismissing Plaintiff's motion.  Curiously, Defendant has also filed a

1   motion for judgment on the pleadings despite the fact that Plaintiff's complaint alleges Defendant

2   received proper notice.

3        The undisputed material facts are Plaintiff's mailing of the withholding correspondence to

4   Defendant's physical address, and Borrower's receipt of notice and concealment of the

5   correspondence from her supervisors.  The issue of whether Defendant received notice when

6   Borrower, while working as Defendant's payroll clerk, intercepted and concealed the withholding

7   orders and demand letter is a question of law.  The Court assumes the truth of all material facts

8   alleged by Defendant for purposes of Plaintiff's Rule 12(c) motion, but it does not assume the truth

9   of Defendant's legal conclusions about the doctrine of respondeat superior as it relates to proper

10  notice.

11       i.  Notice

12       The Code of Federal Regulations provides that unless the agency receives information that

13  the agency believes justifies a delay or cancellation of the withholding order, the agency should send,

14  by first class mail, a withholding order to the debtor's employer within 30 days after the debtor fails

15  to make a timely request for a hearing.  31 C.F.R. § 285.11(g)(1).

16       Plaintiff alleges that it properly sent withholding orders to Defendant by first class mail

17  pursuant to federal law and regulation.  Defendant does not dispute that Plaintiff sent the withholding

18  orders.  Accordingly, for purposes of this motion, this Court finds that Plaintiff sent proper notice as

19  a matter of law.  Defendant disputes proper receipt of notice of the withholding orders.

20       ii.  Respondeat Superior

21       In Nevada, the responsibility [for the act of an agent] attaches to the superior, upon the

22  principal qui facit per alium facit per se.  (Who acts through another acts for himself.)  Wells, Inc., v.

23  Shoemake, 177 P.2d 451, 455 (1947).  Having power to control, the superior or master is bound to

24  exercise it to the prevention of injuries to third parties, or he will be held liable.  Id.  However,

25  something more than the mere right of selection on the part of the principal, is essential to that

26  ///

4

1    relation.  Id. at 456.  That right must be accompanied with the power of subsequent control in the

2    execution of the work contracted for.  Id.

3         Many jurisdictions follow the "motivation" test to determine what is included within the

4    scope of employment.  See State, Dept. of Human Res., Div. of Mental Hygiene & Mental

5    Retardation v. Jimenez, 935 P.2d 274, 279 (1997).  Under that test, if the main purpose of the injury-

6    producing activity was the pursuit of the employee's personal ends, the employer is not liable.  See

7    Randolph v. Budget Rent-A-Car, 97 F.3d 319, 327 (9th Cir. 1996).  Under Nevada law, however, the

8    scope of an employer's potential liability for the intentional acts of its employees is governed by

9    statute.  Smith v. Wal-Mart, 2010 WL 3724235 (D.Nev. Sept. 15, 2010).

10        Pursuant to Nevada Revised Statutes, an employer is not liable for harm or injury caused by

11   the intentional conduct of an employee if the conduct of the employee was: (a) a truly independent

12   venture of the employee; (b) not committed in the course of the very task assigned to the employee;

13   and (c) not reasonably foreseeable under the facts and circumstances of the case considering the

14   nature and scope of his or her employment.  N.R.S. § 41.745(1).  For the purposes of this subsection,

15   conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence

16   could have reasonably anticipated the conduct and the probability of injury.  Id.; see also, Randolph,

17   97 F.3d at 327 (explaining that in the context of a particular enterprise, an employee's conduct is

18   foreseeable if it is not so unusual or startling that it would seem unfair to include the loss resulting

19   from it among other costs of the employer's business).

20        Plaintiff argues Defendant received notice and chose to ignore it, because its employee

21   received notice and chose to ignore it.  Defendant admits that Borrower's employment duties as

22   payroll clerk included receiving and opening Defendant's mail.  However, Defendant contends it did

23   not receive, intentionally ignore, or refuse to honor the garnishment orders because it was never

24   aware of them until this lawsuit was filed.  Moreover, Defendant argues it should not be liable for

25   Borrower's intentional and self-serving actions because they did not facilitate or promote the

26   business in any way.

1    Defendant may escape liability if Borrower's actions were not within the course and scope of

2    employment.  Within the course and scope of employment means: (1) the conduct occurred

3    substantially within the time and space limits authorized by the employment; (2) the employee was

4    motivated, at least in part, by a purpose to serve the employer; and (3) the act was of a kind that the

5    employee was hired to perform.  Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d

6    768, 776 (9th Cir. 2002).  The proper focus is not whether the wrongful act itself was authorized but

7    whether it was committed in the course of a series of acts of the agent which were authorized by the

8    principal.  See Ray v. Value Behavioral Health, Inc., 967 F. Supp. 417, 420 (D.Nev. 1997)

9    (quotations omitted).

10    Defendant employed Borrower at its place of business to receive and open the business' mail.

11    In the course of that employment, Borrower received, opened, and then concealed Plaintiff's

12    withholding correspondence from her supervisors.  Viewed in isolation, Borrower's acts of

13    concealing the notices may not appear to have been motivated by a purpose to serve the employer.

14    However, such actions were committed in the course of receiving, opening, and handling the mail.

15    Defendant authorized Borrower to perform these responsibilities as its agent, and Borrower was

16    motivated to serve Defendant in this capacity in exchange for employment compensation.  Because

17    Borrower's intentional acts of concealing the withholding orders were committed in the course of the

18    very task assigned her as an employee, Defendant cannot escape liability.

19    Even if Defendant had somehow properly alleged Borrower's acts were outside the course

20    and scope of employment, Defendant would not be able to escape liability because Borrower's

21    actions were reasonably foreseeable.

22    In Nevada, an employer's liability extends beyond the actual or possible control over the

23    employees to include risks inherent in or created by the enterprise because the employer, rather than

24    the innocent injured party, is best able to spread the risk through prices, rates or liability insurance.

25    See id.; see also, Guido Calabresi, Some Thoughts on Risk Distribution and the Law of Torts, 70

26    Yale L.J. 499, 543 (1961) (arguing that the master is the best insurer, both in the sense of being able

1  to obtain insurance at the lower rates and in the sense of being most aware of the risk).  A court must

2  determine whether the action taken by the employee was a generally foreseeable consequence of his

3  or her employment.  Ray, 967 F. Supp. at 420.  The employee's conduct is foreseeable if it is not so

4  unusual or startling that it would seem unfair to include the loss resulting from it among the other

5  costs of the employer's business.  Id.

6          Although the particular act committed by Borrower might not have been anticipated by

7  Defendant, the risk of an employee mishandling, destroying, or stealing mail is inherent in any

8  business operation.  Defendant was in the best position to minimize that risk by assigning additional

9  employees to monitor incoming mail or implementing other safeguards.  See, e.g., Oki

10  Semiconductor, 298 F.3d at 777 (holding that an employer can minimize its liability by closely

11  monitoring its employee to ensure that she commits no transgressions during the course of her

12  employment).  In addition, Defendant's control over the business operation placed it in the best

13  position to spread inherent business risks through prices, rates, or insurance.  Finally, it would be

14  inequitable to allow Defendant to escape liability in this case because Plaintiff cannot reasonably be

15  expected to know the adequacy of Defendant's internal control procedures.  Moreover, Defendant's

16  third-party claim for contribution and indemnity against Borrower for its potential liability in this

17  case demonstrates that Defendant has recourse against its employee.  Therefore, Borrower's receipt

18  of the notices and her "conscious decision" to ignore them are imputed to Defendant.  Accordingly,

19  Plaintiff's motion for judgment on the pleadings is granted.

20  IV.  Conclusion

21          Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the

22  Pleadings (#21) is **GRANTED**;

23          IT IS FURTHER ORDERED that Defendant's Countermotion for Judgment on the Pleadings

24  (#23) is **DENIED**;

25          IT IS FURTHER ORDERED that Plaintiff's Request to strike Defendant's Countermotion

26  (#24) is **DENIED as moot**;

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

      IT IS FURTHER ORDERED that Plaintiff file a motion for summary judgment on damages within fourteen (14) days of the entry of this order, Defendant file an opposition within fourteen (14) days of the filing of Plaintiff's motion, and Plaintiff shall file a reply within seven (7) days of any opposition.

      DATED this 20th day of July 2012.


_____
Kent J. Dawson
United States District Judge