UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STUDENT AID FUNDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE DESIGN FACTORY, <br><br> Defendant. | Case No. 2:11-CV-0088-KJD-VCF <br><br> **ORDER** |

Presently before the Court is Plaintiff's Motion for Summary Judgment on Damages (#28). Defendant filed a response in opposition (#41) to which Plaintiff replied (#43).

I. Background and Facts

Plaintiff filed this action pursuant to the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1095(a)(6), following Plaintiff's failed attempts to collect on a student loan debt through a wage withholding order. Defendant Design Factory is a Nevada corporation that employed third-party defendant Diane M. Kincaid ("Borrower"). Borrower defaulted on her student loan payments that were due and owing to Plaintiff. Pursuant to federal law and regulations, Plaintiff instituted the administrative process to withhold a portion of Borrower's wages from Defendant. Plaintiff served Borrower with the required thirty (30) day notice of intent to initiate withholding proceedings. An

administrative wage garnishment is instituted only after Plaintiff has made repeated attempts to have Borrower pay or make arrangements to pay the defaulted student loans.

Because Borrower did not request a hearing under 20 U.S.C. § 1095(b), Plaintiff issued a wage withholding order on Defendant on January 25, 2010.  Defendant failed to contact Plaintiff or comply with the order, and failed to remit, as required, any portion of Borrower's wages in accordance with the order.  Consequently, Plaintiff issued a subsequent wage withholding order on Defendant on March 1, 2010, requesting compliance with the first order.  On August 10, 2010, Plaintiff sent Defendant a demand letter requesting compliance with the orders.  However, Defendant failed to comply with the two wage withholdings orders.  It is undisputed that Design Factory failed to comply with the wage-withholding orders because Borrower was opening the mail at Design Factory and disposing of the wage-withholding orders without notifying her employer.  However, for the reasons stated in the Court's Order (#27), this Court determined that Defendant is liable to Plaintiff for having received the withholding orders and failing to turn over any funds to Plaintiff.

On January 6, 2012, Plaintiff, United Student Aid Funds, Inc. ("USAF"), filed a motion for judgment on the pleadings.  Defendant, The Design Factory ("Design Factory"), opposed the motion and filed a countermotion for judgment on the pleadings.  On July 23, 2012, the Court entered an Order (#27) granting Plaintiff's motion for judgment on the pleadings and denying Defendant's countermotion.  The Court then ordered Plaintiff to file the present motion for summary judgment on damages.

Borrower's total indebtedness to Plaintiff is $69,918.73.  Plaintiff agrees that the only amount it is entitled to recover from Design Factory is the amount that Defendant failed to withhold from wages due the employee following the employer's receipt of notice of the withholding order (in addition to costs and attorney's fees).  See 20 U.S.C. § 1095(a)(6).  The parties agree that amount is $5,573.07.  In addition, Plaintiff moves the Court for an award of attorneys' fees in the amount of $22,425.00 and costs in the amount of $622.61.  Defendant does not dispute the amount of costs, but does dispute that amount of reasonable attorney's fees.

2

III.  Attorneys' Fees

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.' " Hensley v. Eckerhart, 461 U.S. 424, 433, (1983) (*quoting* Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir. 1978)).  Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley.  See Fischer v. SJB–P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119.

The Kerr factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992).  To calculate the lodestar figure, a party must submit "satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895–96 n. 11 (1984).  There is a strong presumption that the lodestar figure represents a reasonable fee.  See Jordan v. Multnomah County, 815 F.2d 1258,

3

1262 (9th Cir. 1987).  However, upon considering the relevant <u>Kerr</u> factors that may bear on reasonableness, the court may adjust the award from the lodestar figure.  <u>Ballen v. City of Redmond</u>, 466 F.3d 736, 746 (9th Cir.2006).  Only in rare instances should the lodestar figure be adjusted on the basis of these considerations.  <u>Harris v. Marhoefer</u>, 24 F.3d 16, 18 (9th Cir. 1994).

   Defendant does not contest the $250.00 per hour rate of the attorneys.  Though Plaintiff's motion for fees appears to charge $250.00 per hour for paralegal fees, this is clearly excessive and the prevailing market rates in the community for paralegal fees generally does not exceed $100.00 per hour.  Therefore, since Plaintiff's have not provided evidence that the higher rate reflects the prevailing market rate, the Court will only award $100.00 per hour for paralegal fees.

   Furthermore, Defendant objects to work performed before January 6, 2011, because that work was performed negotiating with Borrower's attorney.  To the extent that work also prepared for litigation with Design Factory, Plaintiff has failed to meet their burden of documenting and submitting evidence in support of those hours.  <u>See</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992).  Therefore, the Court reduces the attorney hours by 4.6.  Additionally, on July 19, 25, 27 and August 17 and November 8, 2012, 2.2 attorney hours and 0.6 paralegal hours were billed for work done in conjunction with Borrower rather than Defendant.  The Court disallows those hours.

   The Court finds that Plaintiff has met its burden in establishing that the other billed hours are reasonable.  Therefore, Plaintiff is awarded its attorney's fees in the amount of $15,775.00 based on $250.00 per hour, for a total of 63.1 hours.  Further, the fees for paralegal time are awarded at $100 per hour for 19.2 hours, for a total award of $1,920.00.  Finally, another $1,250.00 in attorney's fees is awarded for four hours of attorney work on the reply brief in support of the present motion.  Accordingly, the total judgment to be entered in favor of Plaintiff and against Defendant totals $25,140.68 based on $5,573.07 damages for Defendant's failure to withhold plus total attorney's fees and costs of $19,567.61.

///

///

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment on Damages (#28) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **Judgment** for Plaintiff and against Defendant in the amount of $25,140.68.

DATED this 8th day of March 2013.

_____
Kent J. Dawson
United States District Judge